IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0006-06






CEDRIC JAMES BUCHANAN, Appellant



v.



THE STATE OF TEXAS






ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


HARRIS COUNTY





 Price, J., delivered the opinion of the Court in which Keller, P.J., and
Meyers, Womack, Johnson, Keasler, Hervey, and Cochran, JJ., joined. 
Holcomb, J., dissented.



O P I N I O N


The question presented in this case is whether a pretrial motion to suppress based
upon constitutional principles, along with argument made to the trial court in support of that
motion, was sufficient also to preserve error under Chapter 14 of the Texas Code of Criminal
Procedure. We conclude that it was not obvious to the trial court or opposing counsel that
the appellant was also invoking state law. We therefore reverse the judgment of the court of
appeals and affirm the judgment of the trial court.

FACTS AND PROCEDURAL POSTURE

The Facts

Police were investigating an aggravated robbery at a Sears department store. They 
had received information that a suspect, the appellant, was staying in a dilapidated garage
apartment adjacent to a house destroyed by fire. When the police entered the premises the
day after learning of the appellant's whereabouts, they did so without a warrant, and found
him asleep on a mattress on the floor. Subsequent to the arrest, the officers searched a
backpack next to the appellant, and seized a knife found within. The appellant was charged
with aggravated robbery, with use of the knife constituting the aggravating factor.

The Trial Court


 Counsel for the defense filed a general pretrial motion to suppress the evidence seized
after the arrest. In substance, the written motion asserted:

The Defendant would show that he was arrested without a valid warrant and/or
probable cause and exigent circumstances in violation of his rights as
guaranteed by U.S. Const. amend. IV, & XIV, and Tex. Const. Art. 1 sec 9. 
Defendant would further show that the alleged incriminating evidence was
seized as a result of an illegal search that was not valid and not supported by
adequate probable cause, and not pursuant to a warrant that authorized the
search of the defendant or the place where the Defendant was located and was
not supported by a valid consent to search. Any use of such illegally obtained
evidence would violate the Defendant's right as set forth in Art. 38.23
V.A.C.C.P., in addition to the beforementioned Constitutional provisions.


A pretrial hearing was held on the matter, at the conclusion of which the prosecutor argued
that the appellant lacked standing to contest the police officers' entry into the building, that
the officers had probable cause to arrest the appellant, and that their search of his backpack
was a valid search incident to that legal arrest. The appellant's counsel confined his
argument almost exclusively to the issue of standing, arguing that the appellant had a
reasonable expectation of privacy in the garage apartment. The trial court denied the motion
to suppress and the evidence was introduced at trial. A jury found the appellant guilty and
sentenced him to 30 years' imprisonment in TDCJ-Correctional Institutions Division. 

Court of Appeals

On appeal, the appellant asserted that the trial court erred to deny the motion to
suppress because the initial entry and search of the residence without a warrant was in
violation of both the United States Constitution and the Texas Constitution. Additionally,
he argued that his arrest without a warrant violated the Fourth Amendment to the United
States Constitution, Article I, Section 9 of the Texas Constitution, as well as Chapter 14 of
the Texas Code of Criminal Procedure. The Sixth District Court of Appeals overruled all
constitutional objections, but did hold that the appellant's arrest violated Chapter 14 of the
Texas Code of Criminal Procedure and that any evidence obtained as a result of that arrest
should have been suppressed in accordance with Article 38.23 of the Texas Code of Criminal
Procedure. (1)

The court of appeals expressly addressed the question whether the appellant had
preserved error under Chapter 14. In holding that he did, the court of appeals relied on the
appellant's closing argument during the motion to suppress hearing. Counsel argued: "It's
undisputed that the officers did not have a search warrant, did not have any sort of arrest
warrant." (2)
 Soon after, he also argued: "[T]hey have to have either consent, which they
didn't have, or emergency exigent circumstances, which they didn't have . . . ." (3) The court
of appeals believed that this language was sufficient to invoke Chapter 14 because it alluded
to a warrantless arrest and utilized terminology from Article 14.05 of that chapter. (4) It
therefore served, in the view of the court of appeals, to put the trial court and opposing
counsel on notice that a Chapter 14 objection was being made. Accordingly, the court of
appeals reviewed the merits of the Chapter 14 contention, found the arrest illegal under
Article 14.03(a)(1) of that chapter, (5)
 held that evidence of the knife should have been
suppressed, that its erroneous admission into evidence was not harmless, and therefore
reversed the decision of the trial court and remanded the case for a new trial. The State filed
a petition for discretionary review contending that the opinion of the court of appeals is
inconsistent with this Court's prior case law. We granted the State's petition for
discretionary review in order to address this contention. (6)
 

ANALYSIS

The Law

It is well established that, in order to preserve an issue for appeal, a timely objection
must be made that states the specific ground of objection, if the specific ground was not
apparent from the context. (7) A general or imprecise objection may be sufficient to preserve
error for appeal, but only if the legal basis for the objection is obvious to the court and to
opposing counsel. (8) When the objection is not specific, and the legal basis is not obvious, it
does not serve the purpose of the contemporaneous-objection rule for an appellate court to
reach the merits of a forfeitable issue that is essentially raised for the first time on appeal. (9)

As the court of appeals acknowledged in this case, neither the Fourth Amendment nor
Article I, Section 9 of the Texas Constitution requires a warrant to justify a public arrest
based upon probable cause. (10)
 The requirement of an arrest warrant is purely statutory in
Texas, governed by Chapter 14 of the Code of Criminal Procedure. (11)
 But even under the
Fourth Amendment, police must have a warrant to arrest a suspect in his own home, (12)
 or any
other private premises in which he may have a reasonable expectation of privacy. (13)
 The
appellant clearly raised federal and state constitutional issues in his motion to suppress, as
well as during the pretrial hearing thereon, and the court of appeals rejected them on the
merits. (14) The question is whether it should have been obvious to the trial court that he also
raised the statutory requirement of a warrant to arrest.
The Motion to Suppress


 The appellant first argues that the written motion to suppress expressly challenges the
arrest as having been effectuated "without a valid warrant," which he contends is sufficient
to put the trial court on notice as to a Chapter 14 objection. However, that phrase must be
read in the context of the entire sentence, which specifically states that the arrest is
objectionable because it was made "without a valid warrant and/or probable cause and
exigent circumstances in violation of his rights guaranteed by U.S. CONST. amend. IV, &
XIV, and TEX. CONST. Art. 1 sec. 9." While it is thus unmistakable that constitutional
objections were being made to the arrest, nowhere does this sentence make it obvious that
counsel for the appellant was somehow also objecting on Chapter 14 grounds. There is no
mention of any provision of Chapter 14. The balance of the written motion attacks the
validity of the search and is also predicated exclusively on various constitutional, not
statutory, grounds.

 Secondly, the appellant points to the language: "Any use of such illegally obtained
evidence would violate the Defendant's right as set forth in Art. 38.23 of Texas Code of
Criminal Procedure, in addition to the before mentioned Constitutional provisions." He
maintains that this language made it clear that he was objecting to Chapter 14. We do not
see how. The only illegality previously alleged in the motion is, as we have already noted,
purely of a constitutional nature. There is no necessary correlation between Article 38.23,
our statutory exclusionary rule, (15)
 and Chapter 14, which deals with arrests without warrants. 
Article 38.23 applies in equal measure to exclude evidence admitted in violation of federal
or state law, constitutional or statutory. A bare reference to it, without more, will not suffice
to alert the trial court or opposing counsel which among federal constitutional, federal
statutory, state constitutional, or state statutory law has allegedly been violated. In the
context of this particular motion to suppress, it is apparent that Article 38.23 was invoked in
vindication of the various federal and state constitutional violations earlier alleged, not a
statutory right that was not even mentioned. The court of appeals erred to conclude
otherwise.

The Pretrial Hearing

 Additionally, the appellant argues that at the pretrial hearing on the motion to
suppress, counsel for the appellant made it obvious during argument to the trial court that he
was invoking Chapter 14. It was this argument that formed the basis for the court of appeals'
decision to reverse the trial court ruling on the motion to suppress. The court of appeals
stated that during the closing argument:

[C]ounsel argued, "It's undisputed that the officers did not have a search
warrant, did not have any sort of arrest warrant." Further, while not using the
specific words, "Chapter 14 of the Texas Code of Criminal Procedure," [the
appellant's] counsel used the exact language of that chapter during his closing
argument when he said, "[T]hey have to either consent, which they didn't
have, or emergency exigent circumstances, which they didn't have . . . .' (16)


Reading this statement in isolation, it does appear to mimic the language of Article 14.05 of
the Criminal Code of Procedure, insofar as it referred to "consent" and "exigent
circumstances." However, the court of appeals has failed to construe trial counsel's
statements within the context of the entire hearing. Nothing about the hearing up to that
point would reasonably have alerted the trial court or opposing counsel that the appellant
meant to challenge the legality of his arrest under Chapter 14, as opposed to the
constitutional provisions cited in his written motion to suppress. Moreover, trial counsel's
allusions to "consent" and "exigent circumstances" do not necessarily or exclusively refer
to Chapter 14, so as to make it "obvious" that the appellant was raising it in addition to his
purely constitutional claims.

 Both the evidence developed at the pretrial hearing on the motion to suppress, and the
arguments of counsel at the conclusion of that hearing, went almost exclusively to the issue
of whether the appellant had a reasonable expectation of privacy in the location searched, and
thus, standing to challenge that search. From the description of the property given by the
arresting officers, the location where the appellant was found was seemingly abandoned. 
This suggests that the appellant was a squatter or trespasser on the property and would have
at least some difficulty challenging the search of the premises since he had no proprietary
right in it. The State, on direct examination of the officers, attempted to establish that the
garage apartment did not have any electricity or running water, the main house had been
destroyed by fire, the appellant had not notified his parole officer that this location was his
current residence, and he did not receive any mail there. Appellant's trial counsel attempted,
through cross examination of the arresting officers and during direct examination of the
appellant himself, to establish that, while this property was not a traditional home, the
appellant did pay rent to the "overseer" of the property, and did have personal possessions
at the location. The officers admitted that they never checked to see if the utilities were
connected and in fact did not do a thorough enough search of the home to be able to say for
certain that it was not the appellant's residence. When he called his client to the witness
stand, trial counsel announced to the court, "I am calling my client for the sole purpose of
establishing standing and expectation of privacy. . . ." (17)
 At the close of evidence, appellant's
counsel argued that the appellant was entitled to a legitimate expectation of privacy in the
garage apartment under Rakas v. Illinois. (18)

 All of this serves to confirm that the appellant was continuing to develop the
arguments expressly raised in his written motion to suppress, viz: that his arrest violated
constitutional provisions. Nevertheless, the court of appeals focused on the two statements
appellant's trial counsel made in his final argument to support its conclusions that the
appellant also relied upon statutory law. We will examine those arguments in turn.

 First, counsel argued that "the officers did not have a search warrant, did not have an
arrest warrant." But under the Fourth Amendment, in order to enter a home to conduct any
kind of search or seizure, police must have a warrant-either a search warrant authorizing a
search for specific contraband or evidence, or an arrest warrant authorizing entry into the
home to arrest and conduct any reasonable search incident to that arrest. (19)
 The mere mention
of the lack of an arrest warrant is thus as consistent with the appellant's federal constitutional
argument as it is with any argument, otherwise unspecified in the appellant's pleading,
proceeding under state law. In context, it gave the trial court and opposing counsel no
particular reason to believe that the appellant was raising an objection under Chapter 14.

 Second, the court of appeals focused on trial counsel's allusion to consent and exigent
circumstances. Both of these terms do indeed appear in Article 14.05. (20)
 However, both also
constitute exceptions to the Fourth Amendment requirement that police obtain either a search
warrant or an arrest warrant before gaining entry into a home. (21) Given that the appellant's
motion to suppress focused exclusively on alleged constitutional error, and that appellant's
counsel concentrated so much of his time and energy at the pretrial hearing on the issue of
"standing" to challenge the home-entry, we cannot agree that either the trial court or
opposing counsel had fair notice that the provisions of Chapter 14 were also in play. 
Moreover, even assuming that it should have been apparent to both the trial court and the
State that the appellant's counsel was invoking Article 14.05, we do not understand how that
can justify the court of appeals' conclusion that the appellant was entitled to a new trial on
the basis that he was "obviously" alerting the trial court to a violation of a wholly separate
statute, Article 14.03(a)(1).

CONCLUSION


 We hold that the court of appeals erred in concluding that the appellant had obviously
raised the issue of the legality of his arrest under Chapter 14 of the Texas Code of Criminal
Procedure. The judgment of the court of appeals is therefore reversed and, all other issues
having been resolved adversely to the appellant in the court of appeals, the judgment of the
trial court is affirmed.

Delivered: October 18, 2006

Publish
1. [1]

 Buchanan v. State, 175 S.W.3d 868, 876 (Tex. App. -- Texarkana 2005).
2. 175 S.W.3d at 875 (emphasis added).

3. [3]

 Ibid. (emphasis in the original).
4. [4] 

 Tex. Code Crim. Proc. art. 14.05 ("In each case enumerated where arrests may be lawfully
made without warrant, the officer or person making the arrest is justified in adopting all the measures
which he might adopt in cases of arrest under warrant, except that an officer making an arrest
without warrant may not enter a residence to make the arrest unless: (1) a person who resides in the
residence consents to the entry; or; (2) exigent circumstances require that the officer making the
arrest enter the residence without the consent of a resident or without a warrant." (emphasis added)).
5. Tex. Code Crim. Proc. art.14.03(a)(1) ("Any peace officer may arrest, without warrant:
persons found in suspicious places and under circumstances which reasonably show that such
persons have been guilty of some felony, violation of Title 9, Chapter 42, Penal Code, breach of the
peace, or offense under Section 79.02, Penal Code, or threaten or are about to commit some offense
against the laws.").

6. See Tex. R. App. P. 66.3 (c).

7. [7]

 Tex. R. App. P. 33.1(a)(1)(A) and (B); Tex. R. Evid. 103(a)(1); Heidelberg v. State, 144
S.W.3d 535, 537 (Tex. Crim. App. 2004).
8. [8]

 Heidelberg, 144 S.W.3d at 539-43 (specific objection under federal constitution did not
preserve error under state constitution because, inter alia, opposing counsel's questions did not
provide context suggesting that the court would obviously have known he was also objecting under
state constitutional grounds)
9. Aldrich v. State, 104 S.W.3d 890, 894 (Tex. Crim. App. 2003); see also George E. Dix &
Robert O. Dawson, 43A Texas Practice: Criminal Practice and Procedure § 42.03, p. 230 (2d
ed. 2001) ("Preservation of error is required, the Court of Criminal Appeals has frequently indicated,
in order to provide trial courts or opposing counsel with opportunities to prevent or cure errors so
as to permit trial proceedings to continue to a final conclusion free from attack and reversal on
appeal.")

10. 175 S.W.3d at 874. See, respectively, United States v. Watson, 423 U.S. 411, 423-24 (1976)
(Fourth Amendment does not prohibit public arrests upon probable cause); Hulit v. State, 982
S.W.2d 431, 436 (Tex. Crim. App. 1998) (Article I, § 9 of the Texas Constitution does not require
a warrant to effect an arrest that is otherwise "reasonable.")

11. See George E. Dix & Robert O. Dawson, 40 Texas Practice: Criminal Practice and
Procedure §§ 7.60 & 9.11, pp. 482-84 & 524-25 (2d ed. 2001).

12. Payton v. New York, 445 U.S. 573 (1980).

13. Minnesota v. Olson, 495 U.S. 91 (1990).

14. 175 S.W.3d at 874.
15. Tex. Code Crim. Proc. art. 38.23(a) ("No evidence obtained by an officer or other person
in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution
or laws of the United States of America, shall be admitted into evidence against the accused on the
trial of any crime.").

16. [16]

 Buchanan, supra at 875.

17. Emphasis added.

18. 493 U.S. 128 (1978).

19. Payton v. New York, supra.

20. See note 4, ante. In 1987, some seven years after Payton was decided, the Legislature added
the statutory requirement that "an officer making an arrest without a warrant may not enter a
residence to make the arrest unless" a resident consented, or exigent circumstances justified the
warrantless entry. See Acts 1987, 70th Leg., ch. 532, § 1, eff. Aug. 31, 1987. Arguably this statutory
protection is broader than its Fourth Amendment counterpart, inasmuch as the statute does not, on
its face at least, require a reasonable expectation of privacy in the residence entered, similar to the
constitutional requirement identified in Minnesota v. Olson, supra. That the appellant was
nevertheless probably making only a federal constitutional argument, and not an argument under
Article 14.05, is underscored by the fact that, during the pretrial hearing, he focused almost
exclusively on the issue of standing and reasonable expectation of privacy. Were trial counsel truly
invoking Article 14.05 as a basis for suppressing the evidence, we might have expected him to argue
that under the statute, there is no standing requirement. In any event, it was not Article 14.05 that
the court of appeals held was violated in this case, but Article 14.03(a)(1).

21. In Payton, the Supreme Court implicitly recognized these exceptions to the Fourth
Amendment warrant requirement for any entry into the home when, before reaching the merits of
that question, it carefully explained why neither "exigent circumstances" nor "consent" was a viable
issue on the facts of that case. 445 U.S. at 582-83.